UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

GALINA PERSIYANTSEVA,

    Plaintiff,                         **JURY TRIAL DEMANDED**

    v.

SAINT PETERSBURG MARKET, LLC, a Florida
limited liability company d/b/a EUROPEAN
DELIGHTS MARKET & DELI, and YUOZAS
PAULAUSKAS, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

GALINA PERSIYANTSEVA, ("PERSIYANTSEVA"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendant, SAINT PETERSBURG MARKET, LLC, a Florida limited liability company d/b/a EUROPEAN DELIGHTS MARKET & DELI, (hereinafter "EUROPEAN DELIGHTS"), and YUOZAS PAULAUSKAS, and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, EUROPEAN DELIGHTS, was an enterprise engaged in interstate commerce. At all times

pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants operated a restaurant. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant's business, and moved in interstate commerce.

4. Upon information and belief, during the relevant time period, the corporate Defendant had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendant were and continue to be a company doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, PERSIYANTSEVA was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, Defendants were conducting business in Sunny Isles Beach, Miami-Dade County, Florida, with their principal place of business in that city.

10. At all times material hereto, the Defendants were the employers of Plaintiff, PERSIYANTSEVA.

11. At all times material hereto, Defendants were and continue to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, the Defendants knowingly and willfully failed to pay Plaintiff, PERSIYANTSEVA her lawfully earned wages in conformance with the FLSA.

13. The Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, EUROPEAN DELIGHTS was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, PERSIYANTSEVA was directly essential to the businesses performed by Defendant.

16. Plaintiff, PERSIYANTSEVA has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. Since about May 9, 2016, Plaintiff, PERSIYANTSEVA has been employed by the Defendants as a cashier and deli clerk.

18. Plaintiff, PERSIYANTSEVA's employment continues to date.

19. During Plaintiff, PERSIYANTSEVA's employment, she was supposed to be paid $10.00 per hour by the Defendants. However, during her employment the Defendants failed to

pay overtime for all hours worked. Moreover, the Defendants required their employees, including Plaintiff to sign a piece of paper wherein they purportedly would agree to waive rights provided to them by the FLSA.

20. On or about May 25, 2017, the Plaintiff, through undersigned counsel, advised the Defendants in writing that they had violated the FLSA by failing to pay Plaintiff overtime wages for all hours worked.

21. After receipt of the Plaintiff's demand for overtime wages, the Defendants retaliated against the Plaintiff by cutting her usually scheduled work hours.

22. The Defendants' decision to reduce the Plaintiff's work hours was done specifically to retaliate against the Plaintiff for exercising her FLSA rights.

23. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

24. Plaintiff, PERSIYANTSEVA was not paid time-and-one-half her regular hourly rate of pay for her hours in excess of forty in each week.

25. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

26. Plaintiff, PERSIYANTSEVA repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff, PERSIYANTSEVA's employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

28. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours. Plaintiff, PERSIYANTSEVA was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

29. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, PERSIYANTSEVA intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

30. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, PERSIYANTSEVA at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

31. Defendants failed to properly disclose or apprise Plaintiff, PERSIYANTSEVA of her rights under the FLSA.

32. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, PERSIYANTSEVA is entitled to liquidated damages pursuant to the FLSA.

33. Due to the willful and unlawful actions of the Defendants, Plaintiff, PERSIYANTSEVA has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

34. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, PERSIYANTSEVA respectfully requests that judgment be entered in her favor against the Defendants:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff overtime compensation in the amount calculated;

    c.    Awarding Plaintiff liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### RETALIATION IN VIOLATION OF 29 U.S.C. § 215

34. Plaintiff, PERSIYANTSEVA realleges Paragraphs 1 through 25 as if fully stated herein.

35. On May 25, 2017, a demand letter was sent to Defendants concerning their having violated the FLSA insofar as paying Plaintiff overtime wages.

36. Shortly after receipt of said demand letter, the Defendants reduced Plaintiffs work hours in retaliation for her having asserted her FLSA rights, and otherwise having in engaged in FLSA protected activities.

37. Pursuant to 29 U.S.C. § 215, Plaintiff, PERSIYANTSEVA was entitled to engage in and assert activities and rights protected by the FLSA without retaliation.

38. A causal link exists between the Defendants' decision to decrease the scheduled hours that PERSIYANTSEVA worked, and the Plaintiff, PERSIYANTSEVA engaging in activities protected by the FLSA.

39. Defendants' actions insofar as decreasing the hours of the Plaintiff were not for a legitimate, nonretaliatory reason.

WHEREFORE, Plaintiff, PERSIYANTSEVA, respectfully requests that judgment be entered in her favor against the Defendants:

    a. Declaring that Defendants retaliated against Plaintiff, PERSIYANTSEVA, asserting and engaging in activities protected by the FLSA;

    b. Declaring that Defendants violated 29 U.S.C. § 215;

    c. Awarding Plaintiff, PERSIYANTSEVA, back pay and front pay (through age 65), respectively, in the amount calculated;

    d. Awarding Plaintiff liquidated damages in the amount calculated;

    e. Awarding Plaintiff post-judgment interest;

    f. Awarding Plaintiff compensatory damages for emotional pain, suffering and humiliation;

g.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to the FLSA;

h.  Ordering reinstatement, and injunctive relief preventing Defendants from discriminating in the manner described above; and,

i.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:   June 9, 2017.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: s/.  PETER BOBER, ESQ.
    PETER BOBER
    FBN:  0122955
    SAMARA BOBER
    FBN: 0156248